IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BARBARA LOVING,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:15-CV-1392-K-BK** |
| | § | |
| **TIMOTHY J. MAYOPOULOS, CEO,** | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the Magistrate Judge for pretrial management.  Before the Court is Defendants' *Motion for Summary Judgment*.  Doc. 14.  After reviewing the relevant pleadings and applicable law, it is recommended that the Motion be **GRANTED**.

### I.    BACKGROUND

On September 26, 2007, Plaintiff executed a promissory note ("the Note") in the amount of $185,900.00, payable to the Mortgage Depot, Inc., to acquire the property located at 210 Willowbrook Drive, Duncanville, Texas ("the Property").  Doc. 16-2.  Mortgage Depot specially endorsed the Note payable to SunTrust Mortgage, Inc.  Doc. 16-2 at 3.  To secure her obligations under the Note, Plaintiff executed a security instrument, the Deed of Trust, pledging the Property as collateral.  Doc. 16-2 at 4.  The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and expressly provided that "MERS is a beneficiary under this Security Instrument."  Doc. 16-2 at 5.  The Deed of Trust granted MERS the right to act for Mortgage Depot and its assigns:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for the Lender and the Lender's successors and assigns) has the right: to exercise any or all of those interests, including but

not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.  Doc. 16-2 at 6.

Effective June 10, 2009, MERS assigned the Deed of Trust to SunTrust.  Doc. 16-2 at 20. SunTrust acted as the mortgage servicer of the Note.  Doc. 16-1.  Plaintiff failed to make the required payments and, on February 26, 2010, SunTrust notified Plaintiff that the total amount needed to bring her account current was $33,196.13.  Doc. 16-2 at 22.  Plaintiff was also informed that if she failed to pay that amount by March 26, 2010, SunTrust would accelerate the Note and start foreclosure proceedings.  Doc. 16-2 at 22.  When Plaintiff failed to tender the amount due by that date, SunTrust commenced foreclosure proceedings.  Doc. 16-1.

On December 7, 2010, Fannie Mae[1] purchased the Property at the foreclosure sale for $182,343.04 paid to SunTrust.  Doc. 16-3 at 1.  On December 21, 2010, after Plaintiff refused to vacate the Property, Fannie Mae filed a forcible entry and detainer action in state court.  Doc. 16-3 at 6.

### a.  The Eviction Proceedings.

As a result of the forcible detainer action, the Justice of the Peace granted a writ of possession to the Property to Fannie Mae.  *Fed. Nat. Mortg. Ass'n v. Loving*, 3:11-CV-00464-L, 2011 WL 2517267, at *1 (N.D. Tex. June 23, 2011).  Plaintiff appealed to the County Court at Law No. 3, Dallas, Texas, (Case No. CC-11-01014-C), and on March 7, 2011, Plaintiff removed the eviction proceedings to this Court.  *Id*.  Subsequently, the case was remanded back to the County Court at Law No. 3, Dallas, Texas, for lack of subject matter jurisdiction.  *Id*. at *5.  On August 9, 2012, the County Court affirmed the Justice Court's grant of a writ of possession to Fannie Mae.  Doc. 16-3 at 9.

---

[1] Fannie Mae is also known as the Federal National Mortgage Association.  Doc. 16-3 at 1.

Then, on January 28, 2013, Plaintiff again improperly removed the forcible detainer action to this Court. *Fed. Nat. Mortg. Ass'n v. Loving*, No. 3:13-CV-00367-N-BK; Doc. 16-3 at 11. On July 22, 2013, this Court again remanded the case to the County Court at Law No. 3, Dallas, Texas. Doc. 16-3 at 11. The County Court issued another writ of possession to Fannie Mae on October 3, 2014. Doc. 16-3 at 15.

### b. Plaintiff's First Lawsuit.

On June 15, 2012, Plaintiff filed suit against MERS, SunTrust, and Mortgage Depot in this Court. *Loving v. The Mortg. Depot, Inc., et al*., No. 3:12-CV-1862-P, Dkt1 3. In her amended complaint, Plaintiff alleged that SunTrust had no "standing" to foreclose upon the Property under what is colloquially known as the "show-me-the-note theory," challenged the validity of MERS as the named beneficiary of the Deed of Trust, and challenged the validity of the assignment as being outside of the "cut off" date established in the pooling and servicing agreement and the "securitization" of her loan. Dkt1 10 at 4-12. Plaintiff asserted causes of action for fraud, quiet title, and sought declaratory relief. Dkt1 10 at 12-15. On February 5 and 6, 2013, respectively, the Court granted Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and issued a take-nothing judgment against Plaintiff. Dkt1 15; Dkt1 16. Plaintiff did not appeal.

### c. Plaintiff's Second Lawsuit.

On February 4, 2013, the day before the order dismissing her first federal lawsuit was issued, Plaintiff filed a lawsuit in the 95th Judicial District Court of Dallas County, Texas, against Fannie Mae (Case No. DC-13-01413), which was removed to this Court by Defendant on February 22, 2013. *Loving v. Fed. Nat. Mortg. Ass'n*, 3:13-CV-0847-N-BK, 2013 WL 3878682, at *1 (N.D. Tex. July 29, 2013). In her *Amended Application for Temporary Restraining Order*

*and Temporary Injunction*, Plaintiff again argued that Defendant did not have the authority to evict her because there was a break in the chain of title between the original mortgage holder, Mortgage Depot, Inc., and Defendant when the Note and Deed of Trust were invalidly assigned by MERS to SunTrust, which conducted the foreclosure sale. *Id.* She sought an immediate injunction from the eviction proceeding, claiming that she was likely to prevail on the merits of the first lawsuit. *Id.* Accepting the recommendation of the magistrate judge, the district judge granted Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* Plaintiff did not appeal.

### d. The Case *Sub Judice*.

On March 26, 2015, Plaintiff filed the instant lawsuit in the 101st Judicial District Court of Dallas County, and it was removed by Defendant to this Court on May 4, 2015. Doc. 1-1. In her complaint, Plaintiff alleges claims for fraud, intentional infliction of emotional distress, and slander of title, as well as violations of the Texas Debt Collection Practices Act, arising out of the same foreclosure on the Property, and seeks to quiet title and declaratory and injunctive relief. Doc. 1-1 at 15-25.

## II.   APPLICABLE LAW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(C); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where, as here, a party seeks summary judgment on an affirmative defense, the movant must establish "beyond peradventure *all* of the essential elements of the . . . defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis

in original).  Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.*  Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.  *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party.  *Id.*  However, Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the non-movant's opposition to the motion for summary judgment.  *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992).  The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim.  *Ragas*, 136 F.3d at 458.

### III.    ANALYSIS

Defendant argues that Plaintiff's current claims should be dismissed under principles of res judicata.  Doc. 15 at 22.  In her response, Plaintiff wholly fails to address why any of her claims are not barred by res judicata.  Doc. 21.

A claim is barred by federal principles of res judicata if: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction;

(3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). To determine whether the same claim or cause of action was involved, this Court applies the transactional test. *In re Paige*, 610 F.3d 865, 872 (5th Cir. 2010). Under that test, "[t]he critical issue is whether the two actions under consideration are based on the same nucleus of operative facts." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 396 (5th Cir. 2004) (citation and emphasis omitted). The claim-preclusive effect of a prior judgment extends to all claims a plaintiff had "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose" that a plaintiff could have raised in the prior action. *Id.* at 395; *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994).

Here, there is no question that the second and third prongs are satisfied. Plaintiff did not dispute the exercise of jurisdiction over the claims in either of the other lawsuits. Additionally, both of the previous lawsuits were dismissed for failure to state a claim, which, in both instances, is a judgment on the merits. Dkt1 16; Dkt2 15; *Federated Dept. Store, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("A dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits.").

The Court concludes the first prong is also satisfied. In the first lawsuit, Plaintiff named Mortgage Depot, SunTrust, and MERS as Defendants. Dkt1 3. In the second lawsuit, Plaintiff named Fannie Mae as the sole Defendant. Dkt2 1-4. The sole defendant in this case, Timothy J. Mayopoulos, is the president and chief executive officer of Fannie Mae.[2] Considering that "[l]egal relationships such as 'preceding and succeeding owners of property…' justify

---

[2] Fannie Mae Leadership, Fannie Mae, http://www.fanniemae.com/portal/about-us/company-overview/leadership/mayopoulos.html (last visited Dec. 3, 2015).

preclusion," Fannie Mae is sufficiently in privity with the named defendants in both of the previous lawsuits for the purpose of applying the doctrine of res judicata. *Maxwell v. U.S. Bank Nat. Ass'n*, 544 Fed. Appx. 470, 473 (5th Cir. 2013).

The Court finds that the fourth prong is also satisfied. The two previous lawsuits arose from a same mortgage loan Plaintiff obtained from Mortgage Depot on September 26, 2007, secured by a Deed of Trust on the Property, and the resulting foreclosure sale of the Property following Plaintiff's default on the Note. Dkt1 10 at 12; Dkt2 1-4. Both Lawsuits challenged SunTrust's ability to foreclose on the Property following the MERS's assignment. Dkt1 10; Dkt2 1-4. Thus, the previous lawsuits involved the same nucleus of operative facts as the instant case. Indeed, Plaintiff's claims for fraud, quiet title, "lack of standing", and for declaratory relief are all duplicative of those asserted in the previous lawsuit. Dkt1 10 at 1.

## IV.   RECOMMENDATION

For the reasons set forth above, Defendant's *Motion for Summary Judgment*, Doc. 14, should be **GRANTED**, and this case **DISMISSED WITH PREJUDICE**.

**SIGNED** December 17, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE